UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

J.D. THOMPSON, III                          CIVIL ACTION

VERSUS                                      NUMBER: 06-5271

FRANKLINTON POLICE DEPT., ET AL.            SECTION: "B"(5)


                      REPORT AND RECOMMENDATION


     This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, J.D. Thompson, III, against defendants, the Franklinton Police Department, Sheriff Aubrey Jones, Warden Dennis Wheat, Assistant Warden Wallace Cummings, Deputy-Head Jailor Danny Stewart, and Deputy Brian Brumfield.  (Rec. docs. 1, 6, 7). Plaintiff, an inmate of the Washington Parish Jail ("WPJ") at the time that suit was filed, complained of the alleged use of excessive force at the time of his arrest on July 29, 2006 and a second incident that occurred on September 24, 2006 in which he claimed that a foreign substance was introduced into the food being served to him at WPJ.  (Rec. doc. 23).

Several months after filing suit, plaintiff advised the Court that he had been released from WPJ. (Rec. doc. 8). The Court subsequently held a scheduling conference with the parties on February 27, 2007 at which time plaintiff was given thirty days to enroll counsel on his behalf absent which the Court would arbitrarily select a date for a trial in this matter. (Rec. doc. 23). On March 13, 2007, plaintiff requested that his mail from the Court be sent to him at his sister's address, a request he reiterated on May 30, 2007. (Rec. docs. 27, 28). No attorney having enrolled on plaintiff's behalf, on August 8, 2007, the Court scheduled an evidentiary hearing in this matter for October 12, 2007 at 10:00 a.m. (Rec. doc. 33). A copy of that order was mailed to plaintiff at his address of record and has not been returned as undeliverable. On October 12, 2007 at the designated time, counsel for the defendants appeared before the Court with their witnesses on stand-by and ready to testify. (Rec. doc. 34). Plaintiff, however, failed to appear for the hearing and the Court has received no communication from him stating that he was unable to do so.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171

(5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

Despite having received notice, plaintiff failed to appear for the evidentiary hearing scheduled in this matter for October 12, 2007 and the Court has received no communication from him indicating that he was unable to do so for reasons beyond his control.  The Court must therefore assume that plaintiff has no further interest in prosecuting this matter.  As plaintiff is proceeding pro se, this failure is attributable to him alone.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __19th__ day of __October__, 2007.

_____
UNITED STATES MAGISTRATE JUDGE